## PATUREL *v.* ROBERTSON, Collector.

*(Circuit Court, S. D. New York. October 23, 1889.)*

1. CUSTOMS DUTIES—CLASSIFICATION—INDIA RUBBER BAGS
   India rubber bags or pouches, not inflated, and used chiefly for making rubber balloons, are dutiable at 25 per cent. *ad valorem,* under Schedule N of the tariff act of March 3, 1883, (Tariff Index, 425,) as articles "composed of india rubber, not specially enumerated or provided for."

2. SAME—DUTIABLE CONDITION.
   Duty is to be assessed upon imported articles in the state or condition in which they are when imported.

At Law. Action to recover duties.

The plaintiff, in 1885, imported into the port of New York certain goods, consisting of India rubber bags or pouches, upon which the defendant, then collector of the port of New York, assessed a duty of 35 per cent. *ad valorem,* as "toys," under Schedule N of the tariff act of March 3, 1883, (Tariff Index, 425.) The plaintiff duly protested against the assessment of duty at that rate, claiming the said articles were properly dutiable at 25 per cent. *ad valorem,* under another paragraph in the same schedule of said act, (Id. 454,) as "an article composed of India rubber, not specially enumerated or provided for," and duly appealed to the secretary of the treasury, who affirmed the decision of the collector. The testimony tended to show that the goods in suit were composed of India rubber, and were bought and sold in the condition in which they were imported; that they were generally sold by the importer to peddlers or dealers; that they were then inflated, by means of a machine, with a gas made from zinc and sulphuric acid, and after inflation the predominating use was as a toy for children known as the "gas balloon." The imported articles are occasionally sold to colleges in this country, for trying the depression of gas, and they are also used for advertising purposes when inflated. They are cheap, and of trifling value, and are imported in all colors, to make them attractive to children. There is no substance in the merchandise but India rubber, except the dye to give it color, and they are manufactured in France. In the condition in which they are imported, they are not generally known as toys, but they are generally used and adapted for that purpose after inflation with gas.

*Hartley & Coleman,* for plaintiff.

*Edward Mitchell,* U. S. Atty., and *Henry C. Platt,* Asst. U. S. Atty., for defendant.

LACOMBE, J., *(orally charging jury.)* We are concerned to-day with two paragraphs of the tariff act. Paragraph 425 provides for a duty on toys of 35 per centum *ad valorem;* and paragraph 454, for a duty on articles composed of India rubber, not specially enumerated or provided for in the act, 25 per centum *ad valorem.* Of course, the different paragraphs of these tariff acts are to be construed together, read with each other, and interpreted by the light which each clause throws on the other. When so read, it is found that in the case of articles such as these—ar-

ticles composed of India rubber—congress has imposed a duty of 25 per centum *ad valorem*, but has further provided that if they are not necessaries, but simply playthings, such as the dolls and toys, intended for the amusement of children, then they shall pay at a higher rate, to-wit, 35 per centum *ad valorem*.

There is no dispute that these articles are composed wholly of India rubber; and the only question for you to determine is whether, in the condition in which they are imported by the plaintiff, for that is the condition in which they are when they are called upon to pay duty, they are dolls or toys. In determining that question, under the testimony which you have, you are to take into consideration the predominant use to which they are put, and their adaptability to that use, and such evidence as you may have as to the way in which they are handled after they reach this country.

The jury found a verdict for the plaintiff.